Nos. 24-5150 & 24-5154

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT
––––

ROBERT B. BERGDAHL, *Appellee*,

v.

UNITED STATES, *Appellant.*
––––

APPELLEE'S MOTION FOR
PARTIAL SUMMARY AFFIRMANCE

EUGENE R. FIDELL
D.C. Bar No. 112003
Feldesman Leifer LLP
1129 20th St., N.W., Suite 400
Washington, DC 20036
(202) 256-8675 (mobile)
efidell@feldesman.com

MATTHEW D. BERNSTEIN
D.C. Bar No. 1013815
Shook, Hardy & Bacon L.L.P.
201 S. Biscayne Blvd., Suite 3200
Miami, FL 33131
(305) 755-8941
mbernstein@shb.com

FRANKLIN D. ROSENBLATT
D.C. Bar No. 1600851
151 E. Griffith St.
Jackson, MS 39201
(202) 793-0005
frosenblatt@mc.edu

STEPHEN A. SALTZBURG
D.C. Bar No. 370949
2000 H St., N.W.
Washington, DC 20052
(202) 994-7089
ssaltz@law.gwu.edu

STEPHEN I. VLADECK
D.C. Bar No. 988509
600 New Jersey Avenue, N.W.
Washington, DC 20001
(415) 317-1247
siv7@georgetown.edu

July 19, 2024                          *Attorneys for Appellee*

## CERTIFICATE AS TO PARTIES, RULINGS
## UNDER REVIEW, AND RELATED CASES

*Parties and Amici*. Appellee Robert B. Bergdahl is the cross-appellant and was the plaintiff in the district court. The United States is the appellant and was the defendant below. There were no *amici* below and there are currently none in this court. Professors Joshua E. Kastenberg and Rachel E. VanLandingham filed a brief *amici curiae* in support of appellee in the U.S. Court of Appeals for the Armed Forces.

*Rulings Under Review*. The rulings under review are the district court's judgment entered on July 25, 2023 and orders denying reconsideration on March 31 and May 23, 2024, on collateral review of a 2017 general court-martial and related rulings in 2019-21 by the U.S. Army Court of Criminal Appeals and the U.S. Court of Appeals for the Armed Forces.

*Related Cases*. There are no related cases in this court, the district court, or the military courts.

/s/ *Eugene R. Fidell*
Eugene R. Fidell
Feldesman Leifer LLP
1129 20th St., N.W., Suite 400
Washington, DC 20036
(202) 256-8675 (mobile)
efidell@feldesman.com

# Index

Certificate as to Parties, Rulings Under Review, and Related Cases ........................ i

Table of Authorities ................................................................................................. iii

Glossary .................................................................................................................. iv

Introduction ............................................................................................................. 1

Statement of the Case ............................................................................................. 2

Statement of the Facts ............................................................................................ 5

Argument .................................................................................................................. 9

    THE DISTRICT COURT'S RULING ON THE *AL-NASHIRI* ISSUE
    WAS PLAINLY CORRECT AND WOULD NOT BENEFIT FROM
    PLENARY BRIEFING AND ARGUMENT ............................................... 9

Conclusion ............................................................................................................. 14

Certificate of Compliance .................................................................................... 16

Certificate of Service ............................................................................................ 16

Appendix ............................................................................................................... 17

Addendum

    A. 2020 Decision of the U.S. Court of Appeals for the Armed Forces
    B. 2023 Decision of the District Court (ECF No. 25)
    C. 2024 Decision of the District Court (on reconsideration) (ECF No. 40)

# Table of Authorities[*]

Cases:

* *In re Al-Nashiri*, 921 F.3d 224
(D.C. Cir. 2019) ................................................1, 2, 4, 5, 8, 9, 10, 11, 12, 13, 14
*Bergdahl v. United States*, Dkt. No. ARMY MISC 20200588, 2020 WL
7316058, 2020 CCA LEXIS 443 (A. Ct. Crim. App. Dec. 11, 2020) ................4
*Bergdahl v. United States*, 81 M.J. 128 (C.A.A.F. 2021) (order) .............................4
* *Bergdahl v. United States*, 2024 WL 2383025 (D.D.C. May 23, 2024) ....5, 10, 13
* *Bergdahl v. United States*, 683 F. Supp. 3d 24 (D.D.C. 2023) ...............1, 2, 5, 10
* *Listecki v. Official Comm. of Unsecured Creditors*, 780 F.3d 731
(7th Cir. 2015) ............................................................................................4
*Palsgraf v. Long Island R.R. Co.*, 248 N.Y. 339, 162 N.E. 99 (1928) .....................5
*United States v. Bergdahl*, 79 M.J. 512 (A. Ct. Crim. App. 2019) .........................3
* *United States v. Bergdahl*, 80 M.J. 230 (C.A.A.F. 2020) ........................1, 2, 3, 9
*United States v. Bergdahl*, 79 M.J. 307 (C.A.A.F. 2019) (order) ...........................3
*United States v. Bergdahl*, 80 M.J. 362 (C.A.A.F. 2020) (order) ...........................4
*United States v. Heldt*, 668 F.2d 1238 (D.C. Cir. 1981) ......................................12
*United States v. Lewis*, 63 M.J. 405 (C.A.A.F. 2006) ........................................5, 9
*United States v. Thomas*, 22 M.J. 388 (C.M.A. 1986) ........................................11
*Wilson v. Sellers*, 584 U.S. 122 (2018) ................................................................5

Statutes:

Uniform Code of Military Justice, 10 U.S.C. §§ 801 *et seq.*:
Art. 85(a)(2), UCMJ, 10 U.S.C. § 885(a)(2) ......................................................2
Art. 99(3), UCMJ, 10 U.S.C. § 899(3) ...............................................................2

Executive Orders and Agency Rules:

Code of Conduct for Members of the Armed Forces of the United States,
Exec. Order No. 10,631, 3 C.F.R. 266 (1954-1958) ...........................................6
Exec. Order No. 12,633, 3 C.F.R. 561 (1988) ....................................................6
Code of Judicial Conduct for Army Trial and Appellate Judges
(May 16, 2008) ...........................................................................................4, 11
* R. 2.11 & Comment ..................................................................................4, 11

---

[*] Authorities upon which we chiefly rely are marked with asterisks.

Rules for Courts-Martial:

   * R.C.M. 902 ..................................................................................4

   R.C.M. 902(a) ...........................................................................11

   R.C.M. 902(b)(5)(B) .................................................................12

   R.C.M. 902(e) ...........................................................................12

Miscellaneous:

Michel Paradis, *Judicial Disclosure and the Judicial Mystique*,
   49 HOFSTRA L. REV. 125 (2020) ..............................................11

## Glossary

ACCA......................................................U.S. Army Court of Criminal Appeals

CAAF ...............................................U.S. Court of Appeals for the Armed Forces

HASC .........................................................House Committee on Armed Services

R.C.M........................................................................ Rules for Courts-Martial

SASC........................................................Senate Committee on Armed Services

UCI ....................................................................unlawful command influence

UCMJ ................................................................ Uniform Code of Military Justice

## APPELLEE'S MOTION FOR
## PARTIAL SUMMARY AFFIRMANCE

### Introduction

Sergeant Bergdahl[1] moves for summary affirmance of the portion of the district court's decision that set aside his court-martial conviction, the decisions of the military appellate courts, and all rulings of Col. Jeffery R. Nance, the Army military judge, from the time he applied for a position as an immigration judge. That relief replicates what this court ordered in *In re Al-Nashiri*, 921 F.3d 224 (D.C. Cir. 2019).

This appeal arises from an action for non-habeas collateral review of a court-martial. The military proceedings denied Sgt. Bergdahl due process. First, Col. Nance, like the judge in *Al-Nashiri*, had an undisclosed conflict of interest. Second, the government failed to prove beyond a reasonable doubt, as it had to under the settled law of unlawful command influence (UCI), *see United States v. Bergdahl*, 80 M.J. 230, 234 (C.A.A.F. 2020), that meddling by Sen. John McCain and other Legislative Branch actors, coupled with extreme personal disparagement of Sgt. Bergdahl and criticism of the sentence by President Trump, would not lead a member

---

[1] We use appellee's military rank here because he was a Sergeant at the time of the court-martial. He has been a civilian since March 4, 2021, when the Army discharged him.

1

of the public to harbor a significant doubt about the fairness of the proceedings. The *Al-Nashiri* issue qualifies for summary disposition; the UCI issue does not.

The military courts never integrated either Col. Nance's failure to disclose his conflict of interest or his misrepresentation of his future plans into the facts and circumstances on which UCI rulings turn. The district court also did not perform that critical overall analysis. The closest it came was a suggestion that Sgt. Bergdahl would not have been entitled to relief for UCI because he was being afforded *alternative* relief under *Al-Nashiri*. ECF No. 40 at 19. This was mistaken because UCI relief can extend beyond *Al-Nashiri* relief to include the dismissal of charges. *See* note 3 *infra*.

On the other hand, the district court correctly stressed that Sgt. Bergdahl's guilty plea was not a sound basis for determining that a member of the public would not harbor a significant doubt about the fairness of the military justice proceedings. ECF No. 40 at 9 n.3. This is particularly salient because Sgt. Bergdahl's guilty plea was the linchpin of CAAF's UCI decision. *See* 80 M.J. at 242. The district court's failure to take account of its own rejection of the very point on which CAAF placed greater stress than any other is best addressed on plenary briefing.

## Statement of the Case

Sgt. Bergdahl was convicted of a one-day desertion with intent to avoid hazardous duty or shirk important service (Art. 85(a)(2), UCMJ) and misbehavior before the enemy (Art. 99(3), UCMJ). Both charges arose from the same absence. He pleaded guilty without a pretrial agreement. Col. Nance sentenced him to a dishonorable discharge, reduction to private, and forfeiture of $10,000. The convening authority approved the findings and sentence and the U.S. Army Court of Criminal Appeals (ACCA) affirmed. *United States v. Bergdahl*, 79 M.J. 512 (A. Ct. Crim. App. 2019). One judge dissented in part on the ground that it was impossible to say with the requisite certainty that the government had proved beyond a reasonable doubt that an objective, disinterested observer would not "harbor a significant doubt about the fairness" of the proceedings. *Id*. at 533 (Ewing, J., dissenting in part). He would have set aside the dishonorable discharge because the convening authority's action was not free from apparent UCI. *Id*. at 534.

CAAF granted review on one issue:

WHETHER THE CHARGES AND SPECIFICATIONS SHOULD BE DISMISSED WITH PREJUDICE OR OTHER MEANINGFUL RELIEF GRANTED BECAUSE OF APPARENT UNLAWFUL COMMAND INFLUENCE.

79 M.J. 307, and affirmed. 80 M.J. 230. Chief Judge Stucky and Judge Sparks would have dismissed the charges and specifications with prejudice on the basis of apparent UCI. *Id.* at 244-48.

Sgt. Bergdahl filed a timely petition for reconsideration. While it was pending, he moved to supplement the record upon receiving a copy of the application Col. Nance had submitted during the trial for appointment as an immigration judge. CAAF denied reconsideration and leave to supplement without explanation and without prejudice to Sgt. Bergdahl's "right to file a writ of error coram nobis with the appropriate court." 80 M.J. 362. He promptly filed such a petition at ACCA, but that court mistakenly ruled that he had not adequately explained why he had not raised the matter while the case was before it on direct review. *Bergdahl v. United States*, Dkt. No. ARMY MISC 20200588, at *4, 2020 WL 7316058, 2020 CCA LEXIS 443 (A. Ct. Crim. App. Dec. 11, 2020).[2] It expressly disclaimed ruling on

---

[2] Sgt. Bergdahl didn't know Col. Nance had even applied to be an immigration judge, much less when, until long after the trial, and did not know until the year after ACCA's decision that his application cited the Bergdahl case as a noteworthy professional achievement and that his writing sample was a ruling denying Sgt. Bergdahl's UCI motion. "[A] party does not have an obligation to discover any potentially disqualifying information that is in the public record. The onus is on the judge to ensure any potentially disqualifying information is brought to the attention of the litigants." *Listecki v. Official Comm. of Unsecured Creditors*, 780 F.3d 731, 750 (7th Cir. 2015). Col. Nance never revealed that he had applied, as he had a duty to do under Rule for Courts-Martial (R.C.M.) 902 and Rule 2.11 of the Army's Code of Judicial Conduct. *See* pp. 11-12 *infra*. ACCA also claimed that there was a "known appellate issue" as to the Air Force officer who had presided over the *Al-Nashiri* military commission. *Bergdahl v. United States*, Dkt. No. ARMY MISC

the merits of his *Al-Nashiri* claim. *Id*. at *3 n.4. CAAF denied Sgt. Bergdahl's writ-appeal, again without explanation. 81 M.J. 128. There being no "convincing grounds to believe the silent court [*i.e.*, CAAF] had a different basis for its decision than the analysis followed by the previous court," it must be assumed that CAAF, like ACCA, did not reach the merits. *See Wilson v. Sellers*, 584 U.S. 122 (2018) (applying a "look through" presumption that imputes to a silent higher court the ground set forth in the next lower court's reasoned opinion).

On collateral review, the district court ruled for Sgt. Bergdahl on his *Al-Nashiri* claim but for the government on UCI. ECF No. 25. It denied reconsideration, ruling out dismissal with prejudice because an alternative remedy (the relief it granted under *Al-Nashiri*) was available[3] and clarified that its decision did not bar a resumption of military justice proceedings. ECF No. 40 at 15-16, 19.

---

20200588, at *6. But there was no such "known appellate issue" as to Col. Nance. That a recusal issue exists as to one judge obviously does not warrant an inference that such an issue exists as to others. Just as there is no such thing as "negligence in the air," *Palsgraf v. Long Island R.R. Co*., 248 N.Y. 339, 341, 349, 162 N.E. 99, 102 (1928), there is no such thing as "judicial disqualification in the air."

[3] This was incorrect. Because *Al-Nashiri* relief is not equivalent to dismissal, much less to dismissal with prejudice, it is not the "cure" the district court deemed it to be. *See* ECF No. 40 at 19. An undisclosed conflict entitles a litigant to a different judge and vacatur of earlier rulings. In contrast, UCI relief can extend to dismissal of the charges, including with prejudice, *e.g., United States v. Lewis*, 63 M.J. 405 (C.A.A.F. 2006), which Sgt. Bergdahl has repeatedly sought.

## Statement of the Facts

Fifteen years ago, Sgt. Bergdahl left his post in Afghanistan to hike to a higher American headquarters to complain about conditions and leadership deficiencies in his unit. Almost immediately, the Taliban-allied Haqqani network captured him and proceeded to hold him under brutal conditions as a bargaining chip for five years. In captivity, he comported himself in accordance with the Code of Conduct for Members of the Armed Forces of the United States, Exec. Order No, 10,631, 3 C.F.R. 266 (1954-1958), *amended*, Exec. Order No. 12,633, 3 C.F.R. 561 (1988), including daring escape attempts. Eventually he was exchanged for five Taliban leaders who were being detained at Guantánamo. He was immediately made the object of intense hostile attention as political forces worked to score points against then-President Obama. A general court-martial followed. After taking office, President Trump publicly ratified the countless appalling remarks he had made about Sgt. Bergdahl during the 2016 campaign.[4] He later denounced the sentence as a "complete and total disgrace to our Country and to our Military."

The chronology is as follows. *See generally* ECF No. 18-1 (collecting record references).

---

[4] A DVD collecting them was admitted in evidence and can be accessed at https://www.youtube.com/watch?v=S2MJeMm950M.

| | |
|---|---|
| June 30, 2009 | Sgt. Bergdahl leaves his post and is taken prisoner |
| May 31, 2014 | U.S. and Taliban exchange prisoners |
| June 2, 2014 | Mr. Trump begins to vilify Sgt. Bergdahl |
| 2014-15 | HASC and SASC intervene and closely monitor the military justice proceedings |
| Mar. 25, 2015 | Charges are preferred |
| June 18, 2015 | Sen. McCain threatens an investigation "as soon as the final decision is rendered" |
| Oct. 5, 2015 | Preliminary hearing officer recommends trial by *special* court-martial not empowered to impose a jail sentence or punitive discharge |
| Oct. 11, 2015 | Sen. McCain describes Sgt. Bergdahl as "clearly a deserter" and threatens a hearing if he "has no punishment" |
| Dec. 14, 2015 | Convening authority refers the charges to a *general* court-martial |
| Sept. 28, 2016 | Col. Nance denies motion to dismiss based on congressional meddling |
| Jan. 20, 2017 | Mr. Trump becomes President |
| Jan. 20, 2017 | Sgt. Bergdahl moves to dismiss based on Mr. Trump's campaign-trail vilification |
| Feb. 24, 2017 | Col. Nance denies motion to dismiss |
| Oct. 16, 2017 | Col. Nance applies for an immigration judge-ship without disclosure to Sgt. Bergdahl |
| Oct. 16, 2017 | Sgt. Bergdahl pleads guilty |

| | |
|---|---|
| Oct. 16, 2017 | President Trump, in Rose Garden, ratifies his campaign-trail vilification |
| Oct. 17, 2017 | Sgt. Bergdahl moves to dismiss based on Rose Garden ratification |
| Oct. 23, 2017 | Col. Nance claims to be impervious to UCI because he is going to retire |
| Oct. 30, 2017 | Col. Nance denies Rose Garden motion |
| Nov. 3, 2017 | Col. Nance sentences Sgt. Bergdahl |
| Nov. 3, 2017 | President Trump denounces the sentence as a "complete and total disgrace" |
| Nov. 15, 2017 | 100 Members of Congress send a letter to the Acting Secretary of the Army expressing their "firm belief that Private [*sic*] Bergdahl should not be awarded back pay" |
| June 4, 2018 | Convening authority approves the court-martial findings and sentence and refuses clemency |
| Sept. 28, 2018 | Justice Department announces Col. Nance's appointment as an immigration judge |
| Nov. 1, 2018 | Col. Nance retires from the Army |
| Apr. 16, 2019 | This court decides *Al-Nashiri* |
| July 16, 2019 | ACCA affirms conviction and sentence |
| Aug. 27, 2020 | CAAF affirms |
| Sept. 7, 2020 | Sgt. Bergdahl petitions CAAF for reconsideration |
| Sept. 15, 2020 | Sgt. Bergdahl receives Col. Nance's job application |

| Sept. 18, 2020 | Sgt. Bergdahl moves for leave to supplement the record |
| Oct. 14, 2020 | CAAF denies leave to supplement and for reconsideration |
| Oct. 23, 2020 | Sgt. Bergdahl applies to ACCA for coram nobis |
| Dec. 11, 2020 | ACCA denies coram nobis |
| Dec. 17, 2020 | Sgt. Bergdahl files CAAF writ-appeal petition |
| Feb. 2, 2021 | CAAF denies writ-appeal |
| Mar. 4, 2021 | The Army discharges Sgt. Bergdahl |

## Argument

### THE DISTRICT COURT'S RULING ON THE *AL-NASHIRI* ISSUE WAS PLAINLY CORRECT AND WOULD NOT BENEFIT FROM PLENARY BRIEFING AND ARGUMENT

Col. Nance's failure to disclose his conflict of interest and his misrepresentation of his post-retirement plans entitle Sgt. Bergdahl to relief under *Al-Nashiri.* No purpose would be served by plenary briefing and argument on that issue. In addition, resolution of the *Al-Nashiri* issue would facilitate plenary briefing and argument on the UCI issue because Col. Nance's conduct, when taken with the other facts and circumstances knowledge of which is imputed to an informed member of the public, *see generally Lewis*, 63 M.J. at 415, casts grave doubt on

9

CAAF's 3-2 conclusion that the government had carried its proof-beyond-a-reasonable-doubt burden on the UCI issue.[5]

The district court's two opinions show that it had no choice but to reject the government's effort to evade *Al-Nashiri*. *Al-Nashiri* is good law. It is a unanimous, well-reasoned opinion. The government did not seek rehearing by either the panel or the full court, and did not seek certiorari. No subsequent decision has cast doubt on it. Congress has not overruled it. It has not been criticized in the literature. While the government noted in passing that it disagrees with *Al-Nashiri*'s reference to other instances that raised "systematic [*sic*; presumably "systemic"] considerations warranting vacatur," ECF No. 27, at 7, it never quarreled with the substance of the case in the district court.

As the district court repeatedly observed, ECF No. 25 at 58; ECF No. 40 at 13, the facts in *Al-Nashiri* "bear a striking resemblance" to those in this case. If anything, this is an *a fortiori* case because Col. Nance outdid Col. Spath in hiding the ball. He affirmatively misrepresented his future plans, as opposed to merely saying

---

[5] Among the non-*Al-Nashiri* matters that merit plenary briefing are (1) the role of deference when the central question is not some arcane military matter but what a member of the general public would know; (2) the viability of CAAF's insistence that Sgt. Bergdahl's guilty pleas "cannot be emphasized strongly enough," 80 M.J. at 242, given the district court's persuasive refutation, *see* ECF No. 40 at 9 n.3; (3) the permissibility of CAAF's reliance on matters that were neither in the record nor eligible for judicial notice; and (4) its clearly erroneous assertion that Sgt. Bergdahl had not sought clemency. 80 M.J. at 244.

he was mulling over whether it was time to retire, as Col. Spath had done in *Al-Nashiri*. Neither one deserves a medal for candor, but Col. Nance's behavior was worse. Moreover, his misbehavior, unlike Col. Spath's, was inextricably intertwined with a glaring issue of UCI, *see* p. 13 *infra*, which has long been deemed the "mortal enemy of military justice." *See, e.g., United States v. Thomas*, 22 M.J. 388, 393 (C.M.A. 1986).

Rule 2.11 of the Army Code of Judicial Conduct provides: "Army judges shall disqualify themselves from a proceeding when required by R.C.M. 902 or other provision of law." Disclosure "plays an unusually important role in ensuring that military judges act with dispassion and independence." Michel Paradis, *Judicial Disclosure and the Judicial Mystique*, 49 HOFSTRA L. REV. 125, 145 (2020). The Comment to Rule 2.11 provides:

> A judge should disclose on the record information that the judge believes the parties or their lawyers might consider relevant to the question of disqualification, even if the judge believes there is no real basis for disqualification.

R.C.M. 902(a) in turn sets forth the general rule that, unless the issue has been waived, "a military judge shall disqualify himself or herself in any proceeding in which that military judge's impartiality might reasonably be questioned." Since Sgt. Bergdahl was unaware of Col. Nance's job application until long after trial, he could not move for disqualification, so the waiver exception is inapplicable. Waiver

applies only if "it is preceded by a *full disclosure on the record* of the basis for disqualification." R.C.M. 902(e) (emphasis added); *see also Al-Nashiri*, 921 F.3d at 237. Here there was no disclosure. R.C.M. 902(b)(5)(B) specifies additional grounds for mandatory disqualification, including situations "[w]here the military judge . . . is known by the military judge to have an interest, financial or otherwise, that could be substantially affected by the outcome of the proceeding."

"[A]ll that must be demonstrated to compel recusal" is "an appearance of bias . . . sufficient to permit the average citizen reasonably to question a judge's impartiality." *United States v. Heldt*, 668 F.2d 1238, 1271 (D.C. Cir. 1981) (quoted in *Al-Nashiri*, 921 F.3d at 234). The "average citizen" "might reasonably" infer that a decision dismissing the charges in the highest profile court-martial in decades on the basis of President Trump's words and deeds would have been big news given the attention the media had already lavished on Sgt. Bergdahl's case, and would have been a source of potential embarrassment for Mr. Trump. An observer "might reasonably" further infer that Col. Nance never disclosed his job application because he feared that doing so could harm his chances of being appointed by the Attorney General, who reported directly to the very President whose conduct was at issue. The record is silent as to Col. Nance's actual state of mind, the government having never proffered a statement from him, but that is neither here nor there: the

pertinent question is "what a reasonable observer might think."

Nor did Col. Nance's concealment exist in a vacuum. He had explicitly buttressed his denial of Sgt. Bergdahl's UCI motion with a claim that he was immune to improper influence: "I'm what's referred to as a terminal Colonel, which means I'm not going anywhere but the retirement pastures," he stated, "[a]nd that's in almost a year from now." Regarding his susceptibility to outside influence, he said: "So that's a long way of saying, 'No, no effect on me whatsoever.' I don't expect to go anywhere but back home as soon as the Army is done with me in a year." *See* ECF No. 25 at 9-10 (quoting court-martial transcript). When he made those statements, the ink was barely dry on his job application, yet he never disclosed it. A reasonable member of the public would have substantial reason to doubt the fairness of the proceedings over which this disingenuous judge had presided.

Finally, the government insisted below that Col. Nance's failure to disclose his conflict of interest "would do nothing to alter the robust set of facts that informed the [District] Court's ultimate conclusion" that he appeared "notably impervious" to President Trump's statements. *See* ECF No. 32 at 6. But the *Al-Nashiri* portion of the decision below correctly concluded that Col. Nance's conduct created an appearance of partiality. *See* ECF No. 25 at 58, 60-62. To claim that judicial conduct that "falls squarely on the impermissible side of the line," *id*. at 57, would "do nothing to alter" the opinion of a disinterested observer is truly startling. After all,

13

as the district court noted, "[u]nbiased, impartial adjudicators are the cornerstone of any system of justice worthy of the label." *Id.* at 56 (quoting *Al-Nashiri*). Whether, as we believe, that "cornerstone" mandates a different outcome than the one CAAF narrowly reached on the UCI issue is not before the court on the instant motion, but it certainly shows why the district court's decision on the *Al-Nashiri* issue was correct.

## Conclusion

For the foregoing reasons, the decision below should be summarily affirmed as to the *Al-Nashiri* issue. The UCI issue should be set for plenary briefing and argument.

Respectfully submitted,

/s/ *Eugene R. Fidell*
EUGENE R. FIDELL
D.C. Bar No. 112003
Feldesman Leifer LLP
1129 20th St., N.W., Suite 400
Washington, DC 20036
(202) 256-8675 (mobile)
efidell@feldesman.com

/s/ *Franklin D. Rosenblatt*
FRANKLIN D. ROSENBLATT
D.C. Bar No. 1600851
151 E. Griffith St.
Jackson, MS 39201
(202) 793-0005
frosenblatt@mc.edu
/s/ *Matthew D. Bernstein*
MATTHEW D. BERNSTEIN

14

D.C. Bar No. 1013815
Shook, Hardy & Bacon L.L.P.
201 S. Biscayne Blvd., Suite 3200
Miami, FL 33131
(305) 755-8941
mbernstein@shb.com

/s/ *Stephen A. Saltzburg*
STEPHEN A. SALTZBURG
D.C. Bar No. 370949
2000 H St., N.W.
Washington, DC 20052
(202) 994-7089
ssaltz@law.gwu.edu

/s/ *Stephen I. Vladeck*
STEPHEN I. VLADECK
D.C. Bar No. 988509
600 New Jersey Avenue, N.W.
Washington, DC  20001
(415) 317-1247
siv7@georgetown.edu

*Attorneys for Appellee*

July 19, 2024

CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32(g) of the Federal Rules of Appellate Procedure and based on the word count function in Microsoft Word for Mac 2024, I certify that the foregoing motion complies with the type-volume limitations of Rule 27(d)(2)(a) and Circuit Rule 27(d)(2)(A) because it contains 3154 words, excluding the parts exempted by Rule 32(f), and with the typeface and type style requirements of Rules 32(a)(5) and (a)(6).

/s/ *Eugene R. Fidell*
Eugene R. Fidell

CERTIFICATE OF SERVICE

I certify that I have, this 19th day of July, 2024, electronically filed the foregoing motion with the Clerk of the United States Court of Appeals for the District of Columbia Circuit through the CM/ECF system. Opposing counsel are registered CM/ECF users and will be served by that system.

/s/ *Eugene R. Fidell*
Eugene R. Fidell

16

# Appendix

## Governing Provisions

### Fifth Amendment

No person shall . . . be deprived of life, liberty, or property, without due process of law . . . .

### Article 37, UCMJ (applicable version)

§837. Art. 37. Unlawfully influencing action of court

(a) No authority convening a general, special, or summary court-martial, nor any other commanding officer, may censure, reprimand, or admonish the court or any member, military judge, or counsel thereof, with respect to the findings or sentence adjudged by the court, or with respect to any other exercise of its or his functions in the conduct of the proceeding. No person subject to this chapter may attempt to coerce or, by any unauthorized means, influence the action of a court-martial or any other military tribunal or any member thereof, in reaching the findings or sentence in any case, or the action of any convening, approving, or reviewing authority with respect to his judicial acts. The foregoing provisions of the subsection shall not apply with respect to (1) general instructional or informational courses in military justice if such courses are designed solely for the purpose of instructing members of a command in the substantive and procedural aspects of courts-martial, or (2) to statements and instructions given in open court by the military judge, president of a special court-martial, or counsel.

(b) In the preparation of an effectiveness, fitness, or efficiency report, or any other report or document used in whole or in part for the purpose of determining whether a member of the armed forces is qualified to be advanced, in grade, or in determining the assignment or transfer of a member of the armed forces or in determining whether a member of the armed forces should be retained on active duty, no person subject to this chapter may, in preparing any such report (1) consider or evaluate the performance of duty of any such member as a member of a court-martial, or (2) give a less favorable rating or evaluation of any member of the armed forces because of the zeal with which such member, as counsel, represented any accused before a court-martial.

Rules for Courts-Martial

## Rule 104. **Unlawful command influence**

(a) General prohibitions.

(1) *Convening authorities and commanders*. No convening authority or commander may censure, reprimand, or admonish a court-martial or other military tribunal or any member, military judge, or counsel thereof, with respect to the findings or sentence adjudged by the court-martial or tribunal, or with respect to any other exercise of the functions of the court-martial or tribunal or such persons in the conduct of the proceedings.

(2) *All persons subject to the UCMJ*. No person subject to the UCMJ may attempt to coerce or, by any unauthorized means, influence the action of a court-martial or any other military tribunal or any member thereof, in reaching the findings or sentence in any case or the action of any convening, approving, or reviewing authority with respect to such authority's judicial acts.

## Rule 902. **Disqualification of military judge**

(a) *In general*. Except as provided in subsection (e) of this rule, a military judge shall disqualify himself or herself in any proceeding in which that military judge's impartiality might reasonably be questioned.

(b) *Specific grounds*. A military judge shall also disqualify himself or herself in the following circumstances:

(1) Where the military judge has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding.

(2) Where the military judge has acted as counsel, preliminary hearing officer, investigating officer, legal officer, staff judge advocate, or convening authority as to any offense charged or in the same case generally.

(3) Where the military judge has been or will be a witness in the same case, is the accuser, has forwarded charges in the case with a personal recommendation as to disposition, or, except in the performance of duties as military judge in a previous trial of the same or a related case, has expressed an opinion concerning the guilt or innocence of the accused.

(4) Where the military judge is not eligible to act because the military judge is not qualified under R.C.M. 502(c) or not detailed under R.C.M. 503(b).

(5) Where the military judge, the military judge's spouse, or a person within the third degree of relationship to either of them or a spouse of such person:

    (A) Is a party to the proceeding;

18

(B) Is known by the military judge to have an interest, financial or otherwise, that could be substantially affected by the outcome of the proceeding; or

(C) Is to the military judge's knowledge likely to be a material witness in the proceeding.

### Discussion

A military judge should inform himself or herself about his or her financial interests, and make a reasonable effort to inform himself or herself about the financial interests of his or her spouse and minor children living in his or her household.

_____

(c) *Definitions*. For the purposes of this rule the following words or phrases shall have the meaning indicated—

(1) "Proceeding" includes pretrial (to include prereferral), trial, post-trial, appellate review, or other stages of litigation.

(2) The "degree of relationship" is calculated according to the civil law system.

### Discussion

Relatives within the third degree of relationship are children, grandchildren, great grandchildren, parents, grandparents, great grandparents, brothers, sisters, uncles, aunts, nephews, and nieces.

_____

(d) *Procedure*.

(1) The military judge shall, upon motion of any party or *sua sponte*, decide whether the military judge is disqualified.

### Discussion

There is no peremptory challenge against a military judge. A military judge should carefully consider whether any of the grounds for disqualification in this rule exist in each case. The military judge should broadly construe grounds for challenge but should not step down from a case unnecessarily.

Possible grounds for disqualification should be raised at the earliest reasonable opportunity. They may be raised at any time, and an

19

earlier adverse ruling does not bar later consideration of the same issue, as, for example, when additional evidence is discovered.

—————

(2) Each party shall be permitted to question the military judge and to present evidence regarding a possible ground for disqualification before the military judge decides the matter.

### Discussion

Nothing in this rule prohibits the military judge from reasonably limiting the presentation of evidence, the scope of questioning, and argument on the subject so as to ensure that only matters material to the central issue of the military judge's possible disqualification are considered, thereby, preventing the proceedings from becoming a forum for unfounded opinion, speculation or innuendo.

—————

(3) Except as provided under subsection (e) of this rule, if the military judge rules that the military judge is disqualified, the military judge shall recuse himself or herself.

(e) *Waiver*. No military judge shall accept from the parties to the proceeding a waiver of any ground for disqualification enumerated in subsection (b) of this rule. Where the ground for disqualification arises only under subsection (a) of this rule, waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification.

Rule 1210. **New trial**

### Discussion

*Examples of fraud on a court-martial which may warrant granting a new trial are*: confessed or proved perjury in testimony or forgery of documentary evidence which clearly had a substantial contributing effect on a finding of guilty and without which there probably would not have been a finding of guilty of the offense; willful concealment by the prosecution from the defense of evidence favorable to the defense which, if presented to the court-martial, would probably have resulted in a finding of not guilty; and *willful concealment of a material ground*

*for challenge of the military judge* or any member or of the disqualification of counsel or the convening authority*, when the basis for challenge or disqualification was not known to the defense at the time of trial* (*see* R.C.M. 912).

[Emphases added.]

Code of Judicial Conduct for Army Trial and Appellate Judges
(May 16, 2008)

Rule 2.11 *Disqualification*

Army judges shall disqualify themselves from a proceeding when required by R.C.M. 902 or other provision of law. Army appellate judges shall disqualify themselves from hearing a case for the same reasons that Army trial judges must disqualify themselves under R.C.M. 902.

COMMENT

See R.C.M. 902 for the rules and procedures regarding disqualification of Army judges. A judge should disclose on the record information that the judge believes the parties or their lawyers might consider relevant to the question of disqualification, even if the judge believes there is no real basis for disqualification. In addition, the Court of Appeals for the Armed Forces has held that 28 U.S.C. §455, which governs disqualification of federal judges, applies to judges of the Courts of Criminal Appeals. *See United States v. Lynn*, 54 M.J. 202, 205 (2000). Appellate judges, however, are not subject to voir dire by counsel regarding potential grounds for challenge.

ADDENDUM